IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GARY POLING,**

      **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 1:08CV161**
                                           **(Judge Keeley)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

      **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Court Rule 4.01(d), the Court referred this Social Security action to United States Magistrate James E. Seibert on July 25, 2008 with directions to submit proposed findings of fact and a recommendation for disposition.

On July 22, 2009, Magistrate Judge Seibert filed his Report and Recommendation ("R&R") in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, in which he directed the parties to file any written objections to the R&R with the Clerk of Court within ten (10) days after being served with a copy of the R&R. On July 30, 2009, the defendant, through Assistant United States Attorney Helen Altmeyer, filed objections to

Magistrate Judge Seibert's R&R. On August 6, 2009, the attorney for the plaintiff, Gary Poling, responded to those objections.

## I. PROCEDURAL BACKGROUND

On June 12, 2007, Poling filed an application for Disability Insurance Benefits ("DIB"), in which he alleged an onset of disability as of June 12, 2007 due to heart disease, rheumatoid arthritis and type II diabetes. On September 11, 2007, the Commissioner denied the claim initially and, on November 21, 2007, denied his October 1, 2007 Request for Reconsideration. Following Poling's December 3, 2007 written request for a hearing, an Administrative Law Judge ("ALJ") conducted a hearing on January 24, 2008.

The ALJ issued a decision unfavorable to Poling on March 12, 2008, following which, on April 7, 2008, Poling sought a review of that determination. On May 27, 2008, the Appeals Council denied his request. On September 19, 2008, however, after considering additional information from Poling, the Appeals Council set aside its May 27, 2008 decision, but again denied his request for review, thus making the September 19, 2008 the final decision of the Commissioner. Finally, on July 25, 2008, Poling filed this action

seeking review of the September 19, 2008 final decision of the Commissioner.

Significantly, while this matter was pending, on June 3, 2008, Poling filed another application for DIB, again alleging an onset of disability due to heart disease, rheumatoid arthritis and type II diabetes. On April 8, 2009, the attorney advisor Office of Disability Adjudication and Review issued a decision fully favorable to Poling and determined that he was disabled as of March 13, 2008, the day following the March 12, 2008 unfavorable decision of the ALJ.

## II. PLAINTIFF'S BACKGROUND

Poling was sixty-one (61) years of age on the date of the ALJ's March 12, 2008 unfavorable decision. Pursuant to 20 C.F.R. §§ 404.1563(e), 404.1568(d)(4), 416.963(e) (2008), therefore, he is considered a "person of advanced age who is closely approaching retirement." Poling has a master's degree in history and political science, and a work history that includes teaching American History and Political Science as a secondary education teacher for thirty-seven (37) years prior to his retirement in 2007.

### III.  ADMINISTRATIVE FINDINGS

Utilizing the five-step sequential evaluation process prescribed in the Commissioner's regulations at 20 C.F.R. §§ 404.1520, the ALJ made the following findings:

1. Poling met the insured status requirements through December 31, 2011;

2. Poling has not engaged in substantial gainful activity since the alleged onset of disability;

3. Poling has coronary artery disease, status post quadruple bypass graft surgery in 1996, insulin-dependent diabetes mellitus, and a history of rheumatoid arthritis that are considered "severe" and which, alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Supbart P, appendix 1 (20 C.R.F. 404.1525 and 404.1526);

4. Poling retains the residual functional capacity to perform light work with the following exertional and non-exertional limitations: no more than occasional postural movements, no climbing of ladders, ropes or scaffolds, no exposure to cold, fumes, dusts or gases and no work around hazards such as moving machinery or unprotected heights;

5. Poling is capable of performing his past relevant work as a high school teacher which does not require work-related activities precluded by his residual functional capacity (20 CFR § 404.1565); and

6. Poling was not under a "disability," as defined in the Social Security Act from June 12, 2007 through the date of this decision (20 CFR 404.1520(f)).

### IV. DEFENDANT'S OBJECTIONS

The Commissioner asserts that the Magistrate Judge erred when he:

1. recommended remand to obtain additional treatment records regarding Poling's diabetes and arthritis;

2. determined that Poling's pro se status required the ALJ to further develop the record regarding the multiple references to Poling's treatment for arthritis and diabetes; and

3. misapplied Bradley v. Barnhart, 463 F.Supp. 2d 577 (S.D.W. Va. 2006); and Reichard v. Barnhart, 285 F.Supp. 2d 728 (S.D.W. Va. 2003).

### V. DISCUSSION

Poling contends that Magistrate Judge Seibert correctly determined that the ALJ had failed to fulfill his duty to a pro se claimant by developing an adequate record. In Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986), the Fourth Circuit held that an ALJ has a duty to explore all relevant facts and inquire into issues necessary to develop the record. During the hearing in this case, the ALJ stated:

> ALJ  Mr. Poling, I have been a practicing attorney in the state of West Virginia for 30 years. I have been an Administrative Law Judge for four years. I have had the

5

       benefit of some great teachers. I need to make an intelligent decision in your case. You have not presented your case properly before me. I will present and request that you have the psychological evaluation. I urge you to cooperate.

CLMT  Sir, I have cooperated since I walked in this door.

                  \*            \*            \*

ALJ   Do you know how, how old some of the people that still work are today?

CLMT  Yes, sir, but they were not told by their cardiologist –

ALJ   Mr. Poling, it is not in your record. There is no written documentation to what you're telling me from a physician.

CLMT  Could I add that to my record if - -

ALJ   You may - - you know, it's probably going to be two or three months before I get the report back from the psychologist. I urge you, if you need to bring your medical records up to date, that you do so. And if there's any that you feel that we have not received that we should acquire, I will make sure that that's done. But you're free to explore any further medical that you wish to, but I'm going to - -

Despite testimony at the hearing establishing that Dr. Kelly Nelson was Poling's treating physician, the ALJ failed to obtain any of Dr. Nelson's records. He also failed to obtain any records from Dr. Hoeldtke, Poling's treating endocrinologist, or from Cheryl Farly, an RN who attended Poling. If, as asserted by Poling

during the hearing, Drs. Nelson and Hoeldtke, and nurse Farly have medical records relating to treatment during the relevant time period, the ALJ should have obtained and considered those records prior to rendering his decision.

The Commissioner also argues that Magistrate Judge Seibert incorrectly applied Reichart v. Barnhart, 285 F.Supp.2d 728 (S.D. W.Va. 2003), and Bradley v. Barnhart, 463 F. Supp. 2d 577 (S.D.W. Va. 2006). In Reichart, the court found:

> . . . that ALJ Conover's decision finding disability commencing less than a week after he first pronounced that Claimant was not disabled is new and material evidence. ALJ Conover reached his decision in the adjudication of Claimant's second applications. His finding that Claimant was disabled a few days after his first decision was issued begs the question whether Claimant was actually disabled before that during the period of time relevant to consideration of Claimant's first application. A review of ALJ Conover's second decision shows that some of the evidence he considered was in the record before him on the first applications and/or before the Appeals Council. Simply in consideration of the finding that Claimant became disabled a few days after ALJ Conover issued his first decision, the undersigned finds that there is a reasonable possibility that the evidence considered by ALJ Conover in reaching his second decision might well have changed the outcome in this case as it was before him the first time. It is not in any way evident from the current record in this

> case how Claimant became disabled less than a week after ALJ Conover's first decision.

285 F.Supp. at 734.

In light of that finding, the court also determined as follows:

> Thus, the Court has before it ALJ Conover's conclusion on February 23, 2001, that 'claimant was not under a disability, as defined in the Social Security Act, at any time through the date of this decision,' which remains subject to review and his later final decision that Claimant was disabled beginning a few days later on March 1, 2001. There is and can be no question therefore that Claimant was disabled on March 1, 2001, and the question whether Claimant was disabled on February 23, 2001, remains open. ALJ Conover's final decision including the evidence which he considered is cognizable as evidence related and material to the question whether Claimant was disabled at any time during the period covered by the first decision.

Id. At 736.

Here, the attorney advisor Office of Disability Adjudication and Review's fully favorable decision of April 8, 2009 established that Poling was disabled as of March 13, 2008, one day after the March 12, 2008 decision of the ALJ that Poling was not disabled from June 12, 2007 through March 12, 2007. Relying on the holding in Reichard, Poling contends that the Commissioner's determination

that he was not disabled on March 12, 2008, but was disabled on March 13, 2008 warrants a remand. The Court agrees.

The Magistrate Judge's R&R recommended that this case be remanded with specific instructions that the time period under review be limited to June 12, 2007, the alleged disability onset date, through March 12, 2008, the date of the ALJ's unfavorable decision, and that the Commissioner obtain and examine Poling's medical records from Drs. Nelson and Hoeldtke, and Cheryl Farly, RN.

## VII. <u>CONCLUSION</u>

After considering the objections of the Commissioner, the Court concludes that he has not raised any issues that were not thoroughly considered by Magistrate Judge Seibert in his R&R. Moreover, the R&R accurately applies the law to the facts and circumstances in this action. Therefore, the Court **ACCEPTS** Magistrate Judge Seibert's R&R in whole and **ORDERS** that this civil action be disposed of in accordance with the recommendations in the R&R. Accordingly,

1. The plaintiff's Motion for Summary Judgment (Docket No. 13) is **GRANTED-IN-PART**;

2. The defendant's Motion for Summary Judgment (Docket No. 15) is **DENIED**;

3. The plaintiff's claim is **REMANDED** to the Commissioner for consideration pursuant to the recommendations contained in the Magistrate Judge's Report and Recommendation for Disposition; and

4. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993), the time for such a petition expires in ninety days.

DATED: February 2, 2010

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE